UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:23-cv-00105

ALAN WEBER,
An Individual,

    Plaintiff,

v.

BONIFACE-HIERS CHRYSLER DODGE JEEP
d/b/a BONIFACE HIERS CHRYSLER DODGE INC.,
A Florida Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALAN WEBER ("Plaintiff"), brings this action against BONIFACE HIERS CHRYSLER DODGE JEEP, a Florida Corporation ("Defendant"), under the Consumer Leasing Act ("CLA"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

### JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff reside in this district,

and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural persons who at all relevant times resided in Brevard County, Florida.

4. Defendant is a Florida corporation that routinely conducts business in Brevard County, Florida.

## FACTUAL ALLEGATIONS

5. In April of 2019, Plaintiff leased a new 2019 Chrysler Pacifica ("Vehicle") from Defendant.

6. The Vehicle was leased under a Closed-End Vehicle Lease Agreement ("Lease"). A copy of the lease is attached as Exhibit A.

7. In the Lease, Plaintiff were provided with the option to buy the Vehicle at the end of the Lease term: "You have an option to buy the Vehicle at the end of the Lease Term for the Residual Value plus any past due Monthly Payments or any other amount due under this Lease, plus official fees and taxes, plus a $350 purchase option fee (the "Purchase Option Fee")." *Id*. ¶ 8. ("Purchase Option At The End Of Lease Term.")

8. At the end of the lease term, Plaintiff contacted the lease servicer and asked about the process to buy the Vehicle.

9. The lease servicer directed Plaintiff to buy the Vehicle through

Defendant, BONIFACE HIERS CHRYSLER DODGE INC.

10. In March of 2022, Plaintiff visited Defendant to exercise the purchase option at the end of the lease term.

11. To buy the Vehicle, Defendant charged Plaintiff $22,355.00, before any additional fees and charges.

12. Defendant charged Plaintiff $2,737.90 in excess of the Purchase Option.

13. Said amount does not include official fees and charges. Rather, upon good information and belief, this amount includes profit to the Defendant.

14. Defendant never disclosed in the Lease that Plaintiff would have to pay $2,737.90 in excess of the Purchase Option to buy the Vehicle.

15. In total, Plaintiff was charged $2,737.90 more than the Purchase Option Amount in the Lease.

16. Defendant's acts and omissions as detailed herein were the proximate cause of the Plaintiff's harm.

### COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

17. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

18. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

19. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

20. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

21. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

22. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

23. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

24. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

25. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $2,737.90 more than the Purchase Option was required to exercise the purchase option at the end of the lease.

26. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $2,737.90 more than the Purchase Option price was required to exercise the Purchase Option at the

end of the lease.

27. Defendant violated 12 CFR § 1013.3(a) because the purchase option price was unclear, inaccurate, and incomplete.

28. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

29. Plaintiff suffered financial loss in that Plaintiff paid $2,737.90 more than what the Lease required to buy the Vehicle.

30. Had Defendant provided an accurate, complete, and clear purchase option price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or elected declined to lease the Vehicle.

31. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff.

32. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant as follows:

A. Actual and Statutory Damages as provided by law;

C. Pre-judgment and post-judgment interest, as allowed by law;

D. Reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

F. Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@JFeyginesq.com
JOSHUA FEYGIN, PLLC
1930 Harrison Street, Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357

/s/ Darren R. Newhart
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
P.O. Box 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946